## SUPREME COURT.

### WILLIAM D. B. LINN agt. MARY CLOW, administratrix, &c. of RICHARD CLOW, deceased.

The court is authorized, under the Code, to award *costs of an action* and *disbursements*, to a plaintiff on a reference without action, against an executor or administrator, where the plaintiff's claim has been unreasonably resisted or neglected.

The provision in the 317th section of the Code, which entitles the successful party to recover his *disbursements*, cannot be regarded as affecting the power of the court, in proper cases, to award costs, as in an action, to the prevailing party. (*See Van Sickler* agt. *Graham,* 7 *How.* 208, and *Avery* agt. *Smith,* 9 *id.* 349, *contra.*)

*Albany Special Term, March,* 1857.

MOTION for costs.

On the 18th of July, 1856, the plaintiff presented to the defendant, as administratrix of the estate of Richard Clow, deceased, a demand against the estate, consisting of three promissory notes, purporting to have been signed by Richard Clow, and one Samuel Clow. The demand was verified, but the defendant, doubting its justice, refused to pay it. On the 8th of September following, the parties agreed to refer the claim, and on the 18th of October, an order of reference was entered pursuant to statute. The defendant, upon the trial before the referees, insisted that the signatures of Richard Clow to the notes were forgeries, but the plaintiff proved that they were genuine, by a witness acquainted with the handwriting of Richard Clow, and also proved by his sister that he had admitted to her the making of the notes. The plaintiff further proved by another witness, that he was present and saw Richard Clow sign and deliver the notes. No testimony was offered on the part of the defence. The referees met four times, and on the last hearing reported in favor of the plaintiff, for the amount of all the notes, principal and interest. The plaintiff moved for

Linn agt. Clow.

an order confirming the report, and for costs to be taxed, and an extra allowance.

CHARLES L. BEALE, *for plaintiff.*
EDWIN HOES, *for defendant.*

HARRIS, Justice.    The 37th section of the statute, relating to the duties of executors, &c., (2 *R. S.* 89,) authorizes ·the court, in proceedings like these, to confirm the report of the referees, and to adjudge costs as in actions against executors. By a reference to the 41st section of the same statute, it will be found that costs may be awarded against executors, when the demand upon which the action is founded, has been presented within the time prescribed, and its payment has been unreasonably resisted or neglected.    Upon an application for costs, in a case like this, the question, therefore is, whether the demand having been duly presented, its payment has been unreasonably resisted or neglected.

I am aware that there are one or two cases in which the power of the court to award costs in such proceedings has been denied.    *Van Sickler* agt. *Graham*, (7 *How.* 208,) was an application for an extra allowance in a case where administrators, upon a reference under the statute, had been successful.    Mr. Justice BARCULO was of opinion that they could only recover the disbursements for which provision had been made by an " interpolation " in the 317th section of Code.    The same view seems to have been taken by Justice C. L. ALLEN, in *Avery* agt. *Smith*, (9 *How.* 349,) though apparently without much consideration.

Although it is true, as was said in *Van Sickler* agt. *Graham*, that " the general provisions of the Code regulate costs only in actions, yet when it is declared that upon a reference like this, without action, the court shall have the same power to adjudge costs, that it would have in case an action had been brought against the defendants in their representative capacity, it is enough for the court to see, that had such an action been brought, it might have awarded costs to the successful party.    It cannot

be denied, that in such an action, costs may be allowed in certain cases. These costs, when allowed, are, of course, the costs of an action under the provisions of the Code. Precisely the same costs may be adjudged upon the reference without action as if an action had been brought. The court is, therefore, authorized to award costs under the Code upon such a reference. The provision in the 317th section of the Code, which entitles the successful party to recover his disbursements, cannot, I think, be regarded as affecting the power of the court, in proper cases to award costs, as in an action, to the prevailing party. . This provision was only intended to secure the party his disbursements, in all cases, without regard to the exercise of the discretion vested in the court to grant or withhold costs.

In this case, therefore, the plaintiff is entitled to recover, as matter of legal right, his disbursements. I think, too, the defendant should be charged with costs, to be taxed, as in an action, on the ground that payment of the plaintiff's demand has been unreasonably resisted. The demand consisted of notes, signed by the decedent. The defence was that they were forgeries. I cannot see that the defendant had any reasonable ground for interposing such a defence. The facts proved upon the trial, repel any such presumption. The plaintiff is entitled to an order confirming the report of the referees, and that he recover judgment for the amount reported due, together with his costs, to be taxed as in an action by the clerk of Columbia. I do not think it a proper case for an extra allowance, nor should costs be awarded upon this motion.